IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| **TITAN TIRE CORPORATION OF FREEPORT,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**UNITED STEELWORKERS OF AMERICA,** )<br>**LOCAL 745L**, )<br>)<br>Defendant. ) | Case No. 08 C 50014 |

## ANSWER, DEFENSES, AND COUNTERCLAIM OF DEFENDANT

Defendant hereby answers the "Motion To Vacate" as follows:

1. Titan Tire is an Illinois corporation with its principal place of business in Freeport, Illinois. Titan Tire operates a manufacturing facility in Freeport, Illinois for the construction of agricultural and other off-road tires.

**Answer to Paragraph 1:** Defendant admits the allegations of Paragraph 1.

2. The Union is a "labor organization" as defined in the Labor Management Relations Act, 29 U.S.C. § 152(5). The Union represents employees of Titan Tire's Freeport facility.

**Answer to Paragraph 2:** Defendant admits the allegations of Paragraph 2.

3. Jurisdiction in this court is appropriate under 9 USC § 1 *et seq.*, 28 USC § 1331 and 29 U.S.C. § 185.

**Answer to Paragraph 3:**  Defendant admits this Court has jurisdiction pursuant to 29 U.S.C. § 185.  Defendant denies the other allegations of this Paragraph.

4. Venue is appropriate in that this case is brought in the judicial district within which Defendant resides, pursuant to 28 USC § 1391(b), and within which a substantial part of the events giving rise to the claim occurred.

**Answer to Paragraph 4:**  Defendant admits the allegations of Paragraph 4.

FACTS

5. The parties have entered into a labor agreement which provides that any controversy between Titan Tire and the Union shall be a grievance. A copy of the Collective Bargaining Agreement is attached hereto as Exhibit "A." (See Exhibit "A," Article VI).

**Answer to Paragraph 5:**  Defendant admits that the parties have entered into a Labor Agreement and that the Labor Agreement calls for disputes regarding the terms and conditions of employment to be resolved through the grievance and arbitration procedure contained in the Labor Agreement.  Defendant also admits that portions of the Agreement are attached to the Complaint/Motion To Vacate in this case.  Defendant denies the other allegations of this Paragraph.

6. Under the grievance procedure, any dispute that is not resolved by the parties is submitted to an arbitrator. (See Exhibit "A," Article VI, Section 4).

**Answer to Paragraph 6:**  Defendant admits that the Labor Agreement allows disputes not resolved by the parties to be submitted to an impartial arbitrator for resolution and that this occurred with the grievance at issue in this case.

       7.      Under the terms of the Collective Bargaining Agreement, the arbitrator has limited authority:

> The impartial arbitrator shall not have the power to make any award changing, amending, or adding to the provisions of the Agreement. Specifically, the arbitrator shall not have the power to arbitrate general wage levels.

(Exhibit "A," Article VI, Section 4(e)).

      **Answer to Paragraph 7:**  Defendant admits that Article IV(e) of the Labor Agreement contains the provision cited in Paragraph 7 of the Complaint/Motion To Vacate. It denies the remaining allegations of this Paragraph.

       8.      On August 14, 2007 the parties submitted to arbitration the Company's refusal to permit United Way canvassing of employees at the Freeport facility. It was the Company's position that there was no agreement between the parties regarding solicitation of United Way contributions and any decision to allow such solicitation would be outside the contract.

      **Answer to Paragraph 8:**  Defendant admits the allegations of Paragraph 8.

       9.      On September 22, 2007 Arbitrator Alan Cook entered an Award granting the grievance permitting the Union the right to solicit contributions to United Way. A copy of the decision of the arbitrator is attached hereto as Exhibit "B."

      **Answer to Paragraph 9:**  Defendant admits that Exhibit B to the Complaint/Motion To Vacate is the decision of Arbitrator Cook regarding the grievance described in Paragraph 8. It neither admits nor denies the remaining allegations of this Paragraph.

      10.     Under the terms of the Collective Bargaining Agreement, the Arbitrator shall not enter an award that in any manner changes, amends or adds to the provisions of the Agreement.

**Answer to Paragraph 10:** Defendant neither admits nor denies the allegation in Paragraph 10 on the basis that the contract speaks for itself.

11. The October 22, 2007 Award modifies the contract in that it permits solicitation of employees for the United Way, which was not a part of the Collective Bargaining Agreement.

**Answer to Paragraph 11:** Defendant denies the allegation of Paragraph 11.

12. Because the Arbitrator's Award violates the provision in the Collective Bargaining Agreement that limits the arbitrator's power, the Award does not draw its essence from the Collective Bargaining Agreement and is therefore outside the terms of the Agreement and invalid.

**Answer to Paragraph 12:** Defendant denies the allegations of Paragraph 12.

WHEREFORE, Defendant prays that the Complaint/Motion To Vacate be dismissed. It also prays that the Court award it the attorney fees and costs of defending this lawsuit.

## DEFENSES OF LOCAL 745L

Defendant Local 745L hereby pleads the following Affirmative and Other Defenses to the Complaint/Motion To Vacate in this case:

1. The Court does not have jurisdiction over this case.

2. The Complaint/Motion To Vacate does not set forth a claim upon which relief can be granted.

3. The Complaint/Motion To Vacate is barred by the statute of limitations.

4. The lawsuit should be dismissed because a proper summons has not been issued and served.

## COUNTERCLAIM OF DEFENDANT
## UNITED STEELWORKERS LOCAL 745L

Defendant, Local 745L of the United Steelworkers of America, hereby brings this action to enforce the final and binding arbitration award of Arbitrator Alan B. Cook as set forth herein. A true and correct copy of Arbitrator Cook's award is attached to the Complaint/Motion To Vacate of Titan Tire Corporation as Exhibit B. Defendant alleges as follows:

1. The Defendant-Counterplaintiff Local 745L is a labor organization within the meaning of Section 152(5) of the Labor Management Relations Act, 29 U.S.C. § 152(5). Local 745L is a local union of the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, CLC ("the USW"). Local 745L represents members in this judicial district at the Titan Tire plant in Freeport, Illinois.

2. Titan Tire is an employer engaged in commerce within the meaning of the LMRA, 29 U.S.C. Sections 152(2) and 152(7) within this judicial district.

3. The USW, Local 745L and Titan Tire are subject to a collective bargaining agreement.

4. The collective bargaining agreement contains a grievance procedure for the resolution of disputes regarding the terms and conditions of employment. That grievance procedure culminates in final and binding arbitration.

5.      Pursuant to the grievance and arbitration procedure, Arbitrator Alan J. Cook rendered a final and binding award which is attached as Exhibit B to the Complaint/Motion To Vacate in this case.

6.      The award of Arbitrator Cook was within his authority under the terms of the collective bargaining agreement.

7.      The award of Arbitrator Cook draws its essence from the terms of the collective bargaining agreement.

8.      Titan Tire has refused to follow the award of Arbitrator Cook.

WHEREFORE, Defendant-Counterplaintiff Local 745L hereby prays for the following relief:

(a)     That the Court declare the award of Arbitrator Cook to be valid, final and binding;

(b)     That the Court direct the Company to follow the orders of the award;

(c)     That the Court award Local 745L the reasonable attorney fees and costs of bringing this action to enforce the award; and

(d)     That the Court award any other relief it deems equitable and just.

Respectfully submitted,

CORNFIELD AND FELDMAN


By:     /s/ Stephen A. Yokich
        Stephen A. Yokich
        Attorney Bar Number 6181707

Attorneys for Defendant United Steel Workers, Local 745L

Dated: February 25, 2008

CORNFIELD AND FELDMAN
Suite 1400
25 East Washington Street
Chicago, IL 60602-1803
(312) 236-7800
(312) 236-6686 (fax)

## **CERTIFICATE OF SERVICE**

Stephen A. Yokich, an attorney, hereby certifies that on February 25, 2008, he caused the foregoing **Answer, Defenses, and Counterclaim of Defendant** to be filed electronically with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

> Michael R. Lied, Esq.
> Tracy C. Litzinger, Esq.
> HOWARD & HOWARD
> One Technology Plaza, Suite 600
> 211 Fulton Street
> Peoria, IL   61602-1350

and further certifies that on February 25, 2008, he caused the same document to be served upon the following nonregistered participants by U.S. Mail, first-class postage prepaid and addressed as shown below:

> Gene R. La Suer, Esq.
> DAVIS, BROWN, KOEHN, SHORS & ROBERTS, P.C.
> 666 Walnut Street, Suite 2500
> Des Moines, Iowa   50309-3993

/s/ Stephen A. Yokich
Stephen A. Yokich