IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
(WESTERN DIVISION)

TITAN TIRE CORPORATION OF FREEPORT, )
)
Plaintiff, )
)
v. ) CASE NO. 3:08-cv-50014
)
UNITED STEELWORKERS OF AMERICA, )
LOCAL 745L, )
)
Defendant. )

**PLAINTIFF'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Titan Tire Corporation of Freeport ("Titan Tire") provides this Memorandum of Law in Support of Motion for Summary Judgment, pursuant to Federal Rule of Civil Procedure 56, and Local Rule of the Northern District of Illinois 56.1(a).

## I. INTRODUCTION

On January 21, 2008, Titan Tire filed its Motion to Vacate Arbitration Award ("Motion") (Doc. No. 1). Titan Tire's Motion contests Arbitrator Allen Cook's issuance of an Award, dated October 22, 2007, in favor of Local 745 of the United Steelworkers of America ("Union"). (*See* Ex. B to Pl.'s Mot.) Arbitrator Cook exceeded his authority by modifying the terms of the collective bargaining agreement ("CBA"), by directing Titan Tire to allow the Union to conduct United Way campaigns. Specifically, the Award directs Titan Tire to continue to allow bargaining unit members to take payroll deductions for their contributions to the United Way; to allow the Union to canvass employees for contributions for the United Way; and to continue providing parking spaces to select employees that contribute to the United Way.

#368771-v1

Howard & Howard

One North Main
Suite 300
101 North Main Street
Ann Arbor, MI 48104.1475
734.222.1483
Fax 734.761.5957

The Pinehurst Office Center
Suite 101
39400 Woodward Avenue
Bloomfield Hills, MI 48304.5151
248.645.1483
Fax 248.645.1568

The Comerica Building
Suite 800
151 South Rose Street
Kalamazoo, MI 49007.4718
269.382.1483
Fax 269.382.1568

The Wells Fargo Tower
Suite 1400
3800 Howard Hughes Parkway
Las Vegas, NV 89169.5914
702.257.1483
Fax 702.567.1568

One Technology Plaza
Suite 600
211 Fulton Street
Peoria, IL 61602.1350
309.672.1483
Fax 309.672.1568

The Arbitrator erred by finding that Titan Tire "specifically adopted in writing" the Union's past practice with the prior owner of the plant, Goodyear Tire and Rubber Co. ("Goodyear"), of conducting United Way campaigns.

By the arbitration procedure set forth in Article XI, Section 7, which is more fully described below, the Arbitrator erred in determining that the United Way campaign existed, with respect to Titan Tire, prior to the effective date to the CBA. The Arbitrator failed to account for Titan Tire's undisputed rejection of the United Way campaign during negotiations and failed to heed the Seventh Circuit's direction to consider the changes in the underlying basis for allowing the United Way campaigns. Titan Tire acted well within its management rights to reject and terminate this past practice, which was a gratuity that did not affect the terms and conditions of the employees' work. The United Way campaign was not a *bona fide* past practice. The Arbitrator incorrectly elevated the prior United Way campaigns to the level of a contractual term and improperly modified the CBA between Titan Tire and the Union.

## II. STANDARDS OF REVIEW

### A. Summary Judgment Standards

Summary judgment is proper only if the record shows there are no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). A genuine issue for trial exists only when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court must review all evidence in a light most favorable to the nonmoving party (citations omitted) and draw all inferences in the nonmovant's favor," *Judsen Rubber Works, Inc. v. Mfg., Prod. & Serv. Workers Union, Local No. 24*, 889 F. Supp. 1057, 1060 (N.D. Ill. 1995) (citation omitted). "However, if the evidence is merely colorable, or is not

significantly probative or merely raises 'some metaphysical doubt as to the material facts,' summary judgment may be granted." *Id.* (quoting *Anderson*, 477 U.S. at 249-50) (citations omitted).

Where cross-motions for summary judgment have been submitted, the court is not required to grant judgment as a matter of law for one side or the other." *Judsen Rubber Works, Inc.*, 889 F. Supp. at 1060 (citing *Heublei, Inc. v. U.S.*, 996 F.2d 1455, 1461 (2d Cir. 1993). "The court must evaluate each party's motion on its own merits, resolving factual uncertainties and drawing all reasonable inferences against the party whose motion is under consideration." *Id.* (citing *Buttitta v. City of Chicago*, 803 F. Supp. 213, 217 (N.D. Ill. 1992), *aff'd*, 9 F.3d 1198 (7th Cir. 1993)).

### B.     Standards for Judicial Review of Labor Arbitration Awards

Titan Tire recognizes that "[t]he scope of judicial review of labor arbitration awards is extremely limited." *Judsen Rubber Works, Inc.*, 889 F. Supp. at 1060 (citing *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 36 (1987); *Ethyl Corp. v. United Steelworkers of Am.*, 768 F.2d 80, 184 (7th Cir. 1985), *cert. denied*, 475 U.S. 1010 (1986)). However, "[a]n arbitrator is confined to interpretation and application of the collective bargaining agreement; he does not sit to dispense his own brand of industrial justice. He may of course look for guidance from many sources, yet his award is legitimate only so long as it draws its essence from the collective bargaining agreement. When the arbitrator's words manifest an infidelity to this obligation, courts have no choice but to refuse enforcement of the award." *United Steelworkers of Am. v. Enter. Wheel & Car Corp.*, 363 U.S. 593, 597 (1960). The Seventh Circuit has counseled that "[i]t is only when the arbitrator *must* have based his award on some body of thought, or feeling, or policy, or law that is outside the contract . . . that the award

Howard & Howard
...for business...

One North Main
Suite 300
North Main Street
Ann Arbor, MI 48104.1475
734.222.1483
fax 734.761.5957

The Pinehurst Office Center
Suite 101
39400 Woodward Avenue
Bloomfield Hills, MI 48304.5151
248.645.1483
fax 248.645.1568

The Comerica Building
Suite 800
151 South Rose Street
Kalamazoo, MI 49007.4718
269.382.1483
fax 269.382.1568

The Wells Fargo Tower
Suite 1400
300 Howard Hughes Parkway
Las Vegas, NV 89169.5914
702.257.1483
fax 702.567.1568

One Technology Plaza
Suite 600
211 Fulton Street
Peoria, IL 61602.1350
309.672.1483
fax 309.672.1568

Howard ■ Howard
law for business

One North Main
Suite 300
101 North Main Street
Ann Arbor, MI 48104-1475
734.222.1483
Fax 734.761.5957

The Pinehurst Office Center
Suite 101
39400 Woodward Avenue
Bloomfield Hills, MI 48304-5151
248.645.1483
Fax 248.645.1568

The Comerica Building
Suite 800
151 South Rose Street
Kalamazoo, MI 49007-4718
269.382.1483
Fax 269.382.1568

The Wells Fargo Tower
Suite 1400
3800 Howard Hughes Parkway
Las Vegas, NV 89169-5914
702.257.1483
Fax 702.567.1568

One Technology Plaza
Suite 600
211 Fulton Street
Peoria, IL 61602-1350
309.672.1483
Fax 309.672.1568

can be said not to 'draw its essence from the collective bargaining agreement.'" *Ethyl Corp.*, 768 F.2d at 184-85.

### III. ARGUMENT

#### A. The Arbitration Award Must be Vacated Because the Arbitrator Erred in Finding That Titan Tire Specifically Adopted Items 33 and 34 in Writing and By Erroneously Concluding That These Practices Existed as to Titan Tire Prior To the Effective Date of the Collective Bargaining Agreement

The Arbitrator failed to provide any reasoned analysis of the standard set forth in Article XI, Section 7 of the CBA. It is undisputed that Titan Tire *rejected* the Union's submission of alleged oral agreements with respect to canvassing of employees for United Way contributions (Item 33), and providing parking spaces for select United Way contributors (Item 34). (*See* Exs. 3-5.) Titan Tire allowed for payroll deductions for United Way Contributions (Item 12) in 2006 only to accommodate the outcome of the 2005 campaign under Goodyear's management. (*See* Def.'s Br. at p. 7; Pl.'s Br. at p. 2.) The Arbitrator specifically made this factual finding. (Ex. B to Pl.'s Mot. at p. 3.)

As the Arbitrator noted in his discussion and decision, during the negotiations of the collective bargaining agreement, the Union was on notice that Titan Tire was not in favor of the United Way solicitation activities and did not intend to support them on an ongoing basis. In fact, Titan Tire made an exception to allow for payroll deductions in 2006 only to allow for commitments made in 2005 between the Union and Goodyear. *See, e.g., St. Margaret Mercy Healthcare Ctrs. v. N.L.R.B.*, 519 F.3d 373, 375 (7th Cir. 2008) (employer's non-solicitation policy not uniformly applied, and employer allowed solicitation for, among other reasons, the United Way.)

Titan Tire made clear that it would not accept any of the oral agreements that the Union had with Goodyear relating to Items 12, 33, and 34, for the remainder of the term of the CBA.

4

As such, these issues, which were gratuitous and permissive issues of bargaining, were *not* memorialized as a major term or condition of employment in the CBA. Contrary to the Arbitrator's holding, Titan Tire had no obligation to negotiate and could expressly exclude the United Way campaigns in the CBA. The parties specifically provided that prior oral agreements, representations, and past practices that the Union had with Goodyear would not be binding on Titan Tire under the CBA unless specifically adopted by Titan Tire in writing. Accordingly, Items 12, 33, and 34 were reserved for resolution via the procedure set forth in Article XI, Section 7 of the CBA.

This procedure provides that prior oral agreements and representations regarding the CBA, grievance settlements, and past practices between the Union and Goodyear would not be binding on Titan Tire unless Titan Tire "specifically adopted" them "in writing." This provision also provides that "specifically adopted by the Company in writing" includes items that are adopted by the following procedure: (1) the Union has 60 days from the effective date of the CBA or January 1, 2006, to present a list of these items to Titan Tire for review; (2) thereafter, Titan Tire has 30 days to investigate and then to advise the Union of whether it would accept the oral modification, grievance settlement or past practices or request that the disputed items be set before an arbitrator for resolution. "The standard for the arbitrator will be whether the oral agreement existed at least one day prior to the effective date of [the CBA]."

The Arbitrator erred in applying this standard to Items 33 and 34 regarding canvassing employees for United Way contributions and for Titan Tire to provide parking spaces to select contributors. The Arbitrator, without any reasoning or explanation of his finding, held as follows:

> As to Items 33 and 34, it must be concluded the record shows these oral agreements/past practices existed "at least one day prior to the effective date of

> this Agreement." Therefore, it must be held Items 33 and 34 meet the requirement of being found to be "specifically adopted by the Company in writing," and they, as well as Item 12, are controlling on the parties for the term of the Agreement.
>
> Titan was aware of the oral agreements/past practice pertaining to the United Way Charity. However, this issue was not removed from the purview of the resolution process of Article XI, Section 7. The evidence shows Items 12, 33 and 34 are "specifically adopted by the Company in writing," and it must be concluded they apply to the Titan contract.

(*See* Ex. B. to Pl.'s Mot. at p. 7.)

Although no transcript from the Arbitration exists, the Arbitrator's ruling is insufficient, defies logic, and is contrary to the arguments and written evidence presented by Titan Tire. Titan Tire does not dispute that it agreed to Item 12 regarding payroll deductions solely to allow for deductions in 2006 pursuant to the employees' United Way commitments from the 2005 campaign while the plant was under Goodyear's ownership and management. However, this was not the issue before the Arbitrator. Instead, the issues were whether Titan Tire agreed to future payment deductions and whether it agreed to allow the Union to canvass employees for United Way contributions and to provide parking spaces to select contributors.

There is simply no evidence that either of these latter two oral agreements existed as to Titan Tire at least one day prior to January 1, 2006, the effective date of the CBA *between Titan Tire and the Union*. Rather, the Arbitrator acknowledged that Titan Tire, during collective bargaining sessions in 2006, expressed to the Union that it would *not* allow United Way activities on company time. Titan Tire did not participate in canvassing or providing parking spaces in connection with United Way activities to the Union, and advised the Union that it did not allow for United Way campaigns on company time, which is consistent with Titan Tire's Solicitation, Distribution and Bulletin Board Policy that was in place at the Freeport facility. (*See* Ex. 1.) Thus, the Arbitrator erred in concluding that the oral agreements for United Way

6

canvassing and provision of parking spaces existed "at least one day prior to the effective date of the Agreement." As a result, the Arbitrator's conclusory holding improperly modifies the CBA between Titan Tire and the Union.

### B. The Arbitration Award Must be Vacated Because the Arbitrator Exceeded his Authority and Modified the Terms of the Collective Bargaining Agreement

The CBA's grievance procedure in Article IV expressly limits the Arbitrator's authority: "[t]he Impartial Arbitrator shall not have the power to make any award changing, amending, or adding to the provisions of the Agreement." (*See* Ex. A to Pl.'s Mot. at Art. IV (e).) In this case, the Arbitrator exceeded his authority by improperly adding the United Way campaign provisions to the terms of the CBA. In effect, the Arbitrator elevated the Union's prior agreement *with Goodyear* to a term of the CBA between Titan Tire and the Union.

The Federal Court for the Northern District of Illinois has concluded that in order for an Arbitrator's "reliance on past practice to be proper, it must be predicated on some need for interpretive assistance. Certainly, where a contractual term is ambiguous, or where provision cannot be understood without reference to past practices, or where the agreement itself makes reference to the parties' past practice, reliance on past practice is wholly proper; however, absent some such consideration . . . we believe that reliance on past practice crosses the fine line between interpretation and modification." *Judsen Rubber Works, Inc.*, 889 F. Supp. at 1064. "The key, as we read the Seventh Circuit opinions, is that reliance on past practice is proper where it is in the service of interpreting the contract rather than serving as a mechanism to rewrite a contract based on the arbitrator's sense of industrial fairness." *Id.* (citing *Tootsie Roll Indus., Inc. v. Local Union No. 1, Bakery, Confectionary & Tobacco Workers' Int'l Union*, 832 F.2d 81, 84 (7th Cir. 1987)).

Howard & Howard
Law for business

One North Main
Suite 300
101 North Main Street
Ann Arbor, MI 48104-1475
734.222.1483
Fax 734.761.5957

The Pinehurst Office Center
Suite 101
39400 Woodward Avenue
Bloomfield Hills, MI 48304-5151
248.645.1483
Fax 248.645.1568

The Comerica Building
Suite 800
211 South Rose Street
Kalamazoo, MI 49007-4718
269.382.1483
Fax 269.382.1568

The Wells Fargo Tower
Suite 1400
3800 Howard Hughes Parkway
Las Vegas, NV 89169-5914
702.257.1483
Fax 702.567.1568

One Technology Plaza
Suite 600
211 Fulton Street
Peoria, IL 61602-1350
309.672.1483
Fax 309.672.1568

In this case, the Arbitrator improperly rewrote the terms of the CBA by incorrectly finding that Titan Tire "specifically adopted in writing" the United Way activities. As noted above, the Arbitrator misapplied the standard for determining whether Titan Tire adopted a prior oral agreement or past practice that the Union had with Goodyear. There simply was no basis for the Arbitrator to find that the past practice of allowing United Way canvassing or providing parking spaces existed a day before Titan Tire and the Union entered into the CBA. Instead, it appears that the Arbitrator "*must* have based his award on some body of thought, or feeling, or policy, or law that is outside the contract . . . ." *Ethyl Corp.*, 768 F.2d at 184-85 (emphasis added.) In doing so, the Arbitrator added the prior United Way practices as terms of the new CBA between Titan Tire and Goodyear.

Only after the Arbitrator held that "Items 33 and 34 meet the requirement of being found to be 'specifically adopted by the Company in writing'" did the Arbitrator engage in interpreting the phrase "past practices" as including the United Way campaign. The fact that the Arbitrator interpreted the phrase "past practices" does not shield the arbitration award from being set aside. As the Seventh Circuit has held, "[t]his is not to say that simply by making the right noises – noises of contract interpretation – an arbitrator can shield from judicial correction an outlandish disposition of a grievance." *Ethyl Corp.*, 768 F.2d at 187. This situation is similar to the decision in *Judsen Rubber Works, Inc.*, where the court found that the arbitrator incorrectly employed rules of contract interpretation after elevating the parties' past practice to contractual status. 778 F. Supp. At 1065.

In *Judsen Rubber Works, Inc.*, the past practice at issue was the payment of overtime to employees to allow them to wash-up during the last minutes of their shifts. Although the employer had allowed the practice of paying overtime for twenty-four years before entering into

Howard & Howard
law for business

300 North Main
Suite 300
101 North Main Street
Ann Arbor, MI 48104-1475
734.222.1183
Fax 734.761.5957

The Pinehurst Office Center
Suite 101
39400 Woodward Avenue
Bloomfield Hills, MI 48304-5151
248.645.1183
Fax 248.645.1568

The Comerica Building
Suite 800
151 South Rose Street
Kalamazoo, MI 49007-4718
269.382.1183
Fax 269.382.1568

The Wells Fargo Tower
Suite 1400
3800 Howard Hughes Parkway
Las Vegas, NV 89169-5914
702.257.1183
Fax 702.567.1568

One Technology Plaza
Suite 600
211 Fulton Street
Peoria, IL 61602-1350
309.672.1183
Fax 309.672.1568

a collective bargaining agreement with the union, the practice was not mentioned in the agreement. Thereafter, the employer unilaterally ended the practice and the union filed a grievance and went to arbitration. The arbitrator held that the practice was *bona fide* and carried the force of an explicit contractual provision of the collective bargaining agreement and entered an award in favor of the union. On the employer's motion to vacate the arbitration award, the Northern District granted the employer's motion finding that the arbitrator did not use past practice to interpret the contract, but instead used past practice to modify the contract by elevating the past practice to a contractual term.

Like in *Judsen Rubber Works, Inc.*, in this case, the Arbitrator did not use the past practices of the Goodyear/Union United Way campaign as an interpretive device, but instead concluded that it was a contractual term that Titan Tire had specifically adopted in writing. However, the situation is different in that the past practice at issue in this case was not between Titan Tire and the Union, rather, it was between Goodyear and the Union. Titan Tire clearly communicated to the Union during negotiations and prior to the effective date of the CBA that it would not permit the United Way campaign to continue. Titan Tire bent its rules slightly by allowing payroll deductions in 2006 to provide for the 2005 United Way commitments. However, this does not amount to Titan Tire's acquiescence to future payroll deductions or to canvassing and providing parking spaces. Here, the Arbitrator simply added the United Way campaign to the terms of the CBA in his award to the Union, by relying on his own definition of a past practice.

Howard ■ Howard
for business

One North Main
Suite 300
101 North Main Street
Ann Arbor, MI 48104-1475
734.222.1483
Fax 734.761.5957

One Pinehurst Office Center
Suite 101
39400 Woodward Avenue
Bloomfield Hills, MI 48304-5151
248.645.1483
Fax 248.645.1568

1 America Building
Suite 800
151 South Rose Street
Kalamazoo, MI 49007-4718
269.382.1483
Fax 269.382.1568

One Wells Fargo Tower
Suite 1400
3800 Howard Hughes Parkway
Las Vegas, NV 89169-5914
702.257.1483
Fax 702.567.1568

One Technology Plaza
Suite 600
211 Fulton Street
Peoria, IL 61602-1350
309.672.1483
Fax 309.672.1568

### C. The Arbitration Award Must be Vacated Because Goodyear's Prior Practice of Allowing Canvassing and Providing Parking Spaces for the United Way Campaign Do Not Constitute *Bona Fide* Prior Practices

In addition to the fact that the canvassing and parking practices did not exist at least a day prior to the effective date of Titan Tire's CBA with the Union, these purported past practices surrounding the United Way campaign do not rise to the level of contractual terms under the CBA between Titan Tire and the Union.

The court in *Judsen Rubber Works, Inc.*, recognized that "[t]o place past practice on a par with the parties' written agreement would 'create the anomaly that, while the parties expend great energy and time in negotiating the details of the Agreement, they unknowingly and unintentionally commit themselves to unstated and perhaps more important matters which in the future may be found to have been past practice." 889 F. Supp. at 1063 (quoting ELKOURI & ELKOURI, HOW ARBITRATION WORKS 394 (3d ed. 1976)). The Seventh Circuit also recognizes that the parties' past practices do not *per se* rise to the level of an explicit contractual term, and *"[a]t the very least . . . the arbitrator should determine whether a change in conditions has occurred such that the past practice should not be deemed a part of the collective bargaining agreement."* Judsen Rubber Works, Inc., 889 F. Supp. at 1063 n.6 (citing *Chicago Web Printing Pressmen's Union No. 7 v. Chicago Newspaper Publishers' Ass'n*, 772 F.2d 384, 387-88 (7th Cir. 1985)) (emphasis added). The *Chicago Web* Court noted that the employer may modify or eliminate the past practice if the underlying basis for the practice has changed. 772 F.3d at 387-88 (citing *Newport News Shipbuilding & Drydock Co.*, 48 Lab. Arb. Rep. (BNA) 1239, 1243-44 (1967) (upholding management's unilateral elimination of twenty-five year practice of paying painter for ten minutes of overtime to clean their brushes when management no longer required the overtime work that was the underlying reason for the practice); *Gulf Oil Co.*, 34 Lab. Arb.

Rep. (BNA) 99, 100 (1959) ("It must be stated as a general proposition that, absent language in a collective bargaining agreement expressly or impliedly to the contrary, once the conditions upon which a past practice has been based are changed or eliminated, the practice may no longer be given effect.")).

In this case, the Arbitrator erred in summarily dismissing Titan Tire's argument that the United Way campaign does not constitute a *bona fide* past practice on the basis that it does not qualify as a major condition of employment, and that it had the right to terminate the practice due to a change in the underlying basis for the practice. Instead, the Arbitrator skirted the issue by interpreting "past practices" under Article XI, Section 7 to include a wider scope of activities than just a major condition of employment. In making such an interpretation, the Arbitrator also modified the terms of the contract by essentially nullifying Article XI, Section 7's provision that past practices would not be binding on Titan Tire unless specifically adopted in writing.

The Union cannot in good faith claim that allowing for canvassing and providing parking spaces as part of United Way campaign are "terms and conditions of employment." Rather, Goodyear's practice of allowing the Union to run a United Way campaign was a gratuity, and as such does not rise to the level of a contractual term in the CBA between Titan Tire and the Union. If the court were to take the Arbitrator's interpretation that Article XI, Section "applies to a wider scope of activities than just major conditions of employment" to its logical conclusion, then there is almost no limit to the prior practices and oral agreements that the Arbitrator could find as "specifically adopted by Titan Tire in writing" via the arbitration procedure, which would be contrary to the plain language of the CBA.

Moreover, the Arbitrator ignored the minimum requirements set forth by the Seventh Circuit. The Arbitrator failed to address Titan Tire's valid claim that the underlying basis for

allowing the United Way campaign had changed. The most obvious change was that a new corporate employer, with different management priorities, became the employer as of January 1, 2006. Further, Titan Tire maintains a company-wide policy prohibiting solicitation during company time for any purpose. Titan Tire has legitimate management concerns that allowing canvassing will detract from workplace efficiency and place undue pressure on employees to contribute. Further, Titan Tire has the management right and discretion to determine how its resources will be allocated.

By failing to consider whether the prior practice of a United Way campaign constituted a *bona fide* past practice affecting working conditions and whether Titan Tire could terminate the practice due to a change of the practice's underlying basis, the Arbitrator improperly concluded that this gratuity was a past practice and a contractual term that Titan Tire specifically adopted in writing.

### D. The Union's Affirmative Defenses Lack Merit

In its Answer, the Union raised four defenses (lack of jurisdiction, failure to state a cause of action, statute of limitations, and failure to issue a proper summons), which lack a basis in law. First, the Union claims that the court lacks jurisdiction, while in the same breath, a few pages prior, the Union admitted that the court has jurisdiction over the case pursuant to Section 185 of the Labor Management Relations Act, 29 U.S.C. § 185. Such jurisdiction also triggers federal question jurisdiction pursuant to 28 U.S.C. § 1331, which the Union denied.

This Court also has jurisdiction over this case pursuant to the Federal Arbitration Act (the "Act"), 9 U.S.C. § 1, *et seq.* The CBA is a contract involving commerce that contains an express grievance and arbitration procedure, as well as a specific arbitration procedure for prior oral agreements and past practices, which are at issue. The Seventh Circuit has held that the Act

applies to most collective bargaining agreements. *See Briggs & Stratton Corp. v. Local 232, Int'l Union, Allied Indus. Workers of Am.*, 36 F.3d 712, 714 (7th Cir. 1994) (citing *Pietro Scalzitti Co. v. Int'l Union of Operating Engineers, Local No. 150*, 351 F.2d 576, 579-80 (7th Cir. 1965)). Specifically, the Seventh Circuit held that the exclusion of the Act's coverage in Section 1 to employment contracts of "workers engaged in foreign or interstate commerce" is limited to the transportation industries. *Id.* Moreover, pursuant to Section 10 of the Act, the Northern District of Illinois is the proper venue as the Arbitrator's award was entered in this district. 9 U.S.C. § 10(b). As such, pursuant to Section 10(a)(4) of the Act, this Court may enter an order vacating the award on the basis of Titan Tire's Motion that the Arbitrator exceeded his powers by modifying the CBA in entering the Award for the Union. Therefore, this Court has jurisdiction over this case under the Act and venue is proper in the Northern District.

The Union's second defense that Titan Tire's Motion "does not set forth a claim upon which relief can be granted" is without merit. Pursuant to Section 10(a)(4) of the Act, this Court has jurisdiction to vacate the Arbitrator's award where he has exceeded his authority. Titan Tire's Motion to Vacate clearly sets forth Titan Tire's position that the Arbitrator exceeded his authority by modifying the terms of the CBA such that the award "does not draw its essence from the [CBA]." *See* Pl.'s Mot. at ¶¶ 7, 10-12.

The Union's third defense that Titan Tire's Motion is barred by the statute of limitations fails because the Motion was filed and served in a timely manner. Section 12 of the Act provides that "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12 (emphasis added).

Howard & Howard

In this case, Arbitrator Cook issued his award on October 22, 2007. Titan Tire timely filed and faxed to the Union its Motion to Vacate Arbitration Award on January 21, 2008. Accordingly, the Union's statute of limitations defense fails.

Similarly, the Union's last defense fails as the Act does not require the issuance and service of summons. Both Titan Tire and the Union are residents of the Northern District of Illinois. Under Section 12, Titan Tire did not have to file a complaint and serve a summons on the Union to effectuate service, but rather the proper procedure is to file a Motion to Vacate and serve the adverse party according to the applicable rules for service of a motion in an action. Given Titan Tire's timely filing and provision of actual notice to the Union, the Union's last defense fails.

## IV. CONCLUSION

The Arbitration Award must be vacated because the Arbitrator exceeded his authority by modifying the terms of the CBA. The Award does not draw its essence from the terms of the CBA. Instead, the Arbitrator delved into some other source to determine that canvassing for United Way contributions and providing special parking spaces are contractual terms of the CBA that Titan Tire somehow specifically adopted in writing. Titan Tire properly rejected the prior plant owner's allowance for these solicitation campaigns, and had a legitimate management basis to do so once it took over ownership of the Freeport plant. Because the Award is contrary to the terms of the CBA and improperly adds terms that do not impact any conditions of employment, the Award must be vacated.

WHEREFORE, Titan Tire Corporation of Freeport requests that the Court grant its Motion for Summary Judgment in its favor and against Defendant United Steelworkers of

America, Local 745L and enter an Order vacating the October 22, 2007 award of Arbitrator Alan J. Cook as being outside the terms of the collective bargaining agreement.

          TITAN TIRE CORPORATION OF FREEPORT, Plaintiff

/s/ Michael R. Lied
Michael R. Lied
Tracy C. Litzinger
Howard & Howard
One Technology Plaza, Ste. 600
211 Fulton Street
Peoria, IL  61602-1350
Telephone:  (309) 999-6313
Facsimile:  (309) 672-1568
E-mail:  MLied@howardandhoward.com
E-mail:  TLitzinger@howardandhoward.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2008 I electronically filed the above and foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Stephen A. Yokich
Cornfield and Feldman
Suite 1400
25 East Washington Street
Chicago, IL  60602-1803

/s/  Michael R. Lied
Michael R. Lied
Tracy C. Litzinger
Howard & Howard
One Technology Plaza, Ste. 600
211 Fulton Street
Peoria, IL  61602-1350
Telephone:  (309) 999-6313
Facsimile:  (309) 672-1568
E-mail:  MLied@howardandhoward.com
E-mail:  TLitzinger@howardandhoward.com