IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
(WESTERN DIVISION)

| | |
|---|---|
| TITAN TIRE CORPORATION OF FREEPORT, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STEELWORKERS OF AMERICA, ) <br> LOCAL 745L, ) <br> ) <br> Defendant. ) | CASE NO. 3:08-cv-50014 |

**PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF
<u>MOTION FOR SUMMARY JUDGMENT</u>**

Titan Tire Corporation of Freeport ("Titan Tire") provides the following Statement of Material Facts as to which Titan Tire contends there is no genuine issue, pursuant to Local Rule of the Northern District of Illinois 56.1(a)(3).

1. Titan Tire is a company which manufactures agricultural, construction and other off-road tires at a plant located in Freeport, Illinois. (*See* Ex. B to Pl.'s Mot. at p. 2.)

2. Titan Tire purchased the Freeport plant in January, 2006 from the Goodyear Tire & Rubber Company ("Goodyear"). (*Id.*)

3. Prior to purchasing the facility, Titan Tire and the Union spent months negotiating a five-year Collective Bargaining Agreement ("CBA") with Local 745L of the United Steelworkers of America ("Union"), a labor union. (*Id.*)

4. The CBA between Titan Tire and the Union took effect on January 1, 2006. (*See* Ex. A to Pl.'s Mot.)

5. Since 1996, Titan Tire has maintained a Solicitation, Distribution and Bulletin Board Policy (the "Policy"). (*See* Ex. 1, attached hereto.) The Policy prohibits employees from soliciting or advocating support of any cause or organization during working time or the working time of the

Howard & Howard
law for business

One North Main
Suite 300
101 North Main Street
Ann Arbor, MI 48104-1475
734.222.1483
Fax 734.761.5957

The Pinehurst Office Center
Suite 101
39400 Woodward Avenue
Bloomfield Hills, MI 48304-5151
248.645.1483
Fax 248.645.1568

The Comerica Building
Suite 800
151 South Rose Street
Kalamazoo, MI 49007-4718
269.382.1483
Fax 269.382.1568

The Wells Fargo Tower
Suite 1400
3800 Howard Hughes Parkway
Las Vegas, NV 89169-5914
702.257.1483
Fax 702.567.1568

One Technology Plaza
Suite 600
211 Fulton Street
Peoria, IL 61602-1350
309.672.1483
Fax 309.672.1568

targeted employee. The Policy provides that "Titan limits solicitation and distribution on its premises because if left unrestricted, such activities can interfere with the normal operations of the company and can be detrimental to the employees [sic] safety and efficiency as well as be annoying to customers. Such activity may even pose threat to security." (*Id.* at ¶ 1.)

6. Article IV of the CBA sets forth a Grievance Procedure, including section (e), which provides in pertinent part as follows:

> The Impartial Arbitrator shall not have the power to make any award changing, amending, or adding to the provisions of the Agreement. Specifically, the Arbitrator shall not have the power to arbitrate general wage levels.

(*See* Ex. A to Pl.'s Mot.)

7. Another provision of the CBA, Article XI, Section 7, sets forth the "Effect Of Agreement," which addresses prior oral agreements and past practices at the Freeport plant between the Union and Goodyear:

> The parties have entered into this Collective Bargaining Agreement, a Benefits Agreement and a Supplemental Unemployment Benefits Plan ("Agreements"). Those Agreements shall constitute the sole and entire Agreement between the parties and supersedes [sic] all prior Agreements. The language of these Agreements will prevail over any oral agreements, unless specifically adopted by the Company in writing after the effective date of these Agreements.
>
> * * *
>
> No oral modifications to the Agreements or oral representations with Goodyear regarding: (a) the Agreements, (b) grievance settlements or (c) past practices that occurred prior to the effective date will be binding on the Company nor will they be admissible in arbitration proceedings unless specifically adopted by the Company in writing after the effective date of these Agreements. By "specifically adopted by the Company in writing" includes items in this Agreement as well as those adopted by the following procedure:
>
>> (1) Within 60 days of the effective date, the Union must present a list of all oral modifications, grievance settlements or past practices to the Company for review.
>>
>> (2) Within 30 days of the date of presentation of the list, the Company will investigate all oral modifications, grievance settlements or past practices at the facility. The Company will then meet with the union and either accepts [sic] the oral modifications, grievance settlements or past practices or ask that the items disputed be specially set before an arbitrator for resolution. The

standard for the arbitrator will be whether the oral agreement existed at least one day prior to the effective date of the this Agreement.

* * *

(*See* Ex. A to Pl.'s Mot.)

8. In accordance with Article XI, Section 7, the Union submitted a list of 109 claimed oral agreements and past practices to Titan Tire on February 28, 2006. (*See* Ex. 2, attached hereto.) Included in the Union's list are the following items relating to the United Way campaigns under Goodyear's ownership of the plant:

> Item 12: Payroll deductions will be available for all items currently permissible including COPE/PAC contributions, optional life insurance premiums, uniforms rental/cleaning, United Way contributions, court ordered child support payments, maintenance and garnishments payments, US savings bond purchases, and 401(k) contributions and loan payments.
>
> Item 33: All employees, both hourly and salaried, are to be canvassed by plant personnel for contributions via payroll deductions to the area United Way organization with those monies forwarded to the United Way offices on a monthly basis.
>
> Item 34: A parking space inside the plant near the employee entrance will be reserved for use by selected United Way contributors. The selection process will be mutually agreeable.

9. On March 28, 2006, Titan Tire responded to the Union's list of oral agreements and past practices. (*See* Ex. 3, attached hereto.) On Item 12, Titan Tire's response was "No," noting that payroll deductions had been "[d]one in past but Titan does not have Savings Bond capability." As to Items 33 and 34, Titan Tire's response was "No," noting that it "[h]as been done in past but is always a mgt decision to participate or not."

10. On March 31, 2006, the Union wrote a follow-up letter to Titan Tire forwarding a revised listing of the oral agreements and past practices. (*See* Ex. 4, attached hereto.) Titan Tire rejected Items 12, 33, and 34. The status of Item 12 was pending due to an information request. Items 13 and 34 were listed to go to arbitration.

11. On May 17, 2006, Titan Tire wrote to the Union responding to the Union's proposed modifications the Union submitted on March 31, 2006. (*See* Ex. 5, attached hereto.)

12. During the course of bargaining over the CBA in 2005, Titan Tire made clear its position on the United Way. (*See* Def.'s Br. at p. 7, attached hereto as Ex. 6.)

13. Although Titan Tire rejected United Way canvassing and the provision of a parking space after the effective date of the CBA, it allowed payroll deductions for United Way contributions for 2006 in order to accommodate the commitments made during the Goodyear/Union 2005 United Way campaign. (*See* Def.'s Br. at p. 7; Pl.'s Br. at p. 2, attached hereto as Ex. 7; Ex. B to Pl.'s Mot. at p. 3.)

14. During Titan Tire's ownership of the Freeport facility, the Union has not conducted a United Way campaign. (*See* Pl.'s Br. at p. 2.)

15. The Union filed a grievance on October 23, 2006, after Titan Tire refused to participate in the 2006 United Way campaign. (*See* Ex. B to Pl.'s Mot. at p. 4.)

16. An arbitration hearing was held on August 14, 2007, in Freeport, Illinois, before Arbitrator Alan J. Cook. (*See* Ex. B to Pl.'s Mot. at p. 1.)

17. The Arbitrator issued an Award, in favor of the Union, on October 22, 2007. (*See* Ex. B to Pl.'s Mot. at p. 8.)

18. The Arbitrator framed the issue as:

> Did the Company violate the terms of the Collective Bargaining Agreement when it stopped participating in the annual collection of funds for the United Way Charity, discontinued the system of payroll withholding for employee contributions, and discontinued special parking spaces for certain contributors; and, if it did, what remedy would be appropriate?

(*See* Ex. B of Pl.'s Mot. at p. 2.)

19. In applying the procedure set forth in Article XI, Section 7, of the CBA, the Arbitrator concluded that "the record shows these oral agreements/past practices [in Items 33 and 34] meet the requirement of being found to be 'specifically adopted by the Company in writing,' and they, as well

Howard & Howard
Law for business

One North Main
Suite 300
101 North Main Street
Ann Arbor, MI 48104-1475
734.222.1483
Fax 734.761.5957

Pinehurst Office Center
Suite 101
39400 Woodward Avenue
Bloomfield Hills, MI 48304-5151
248.645.1483
Fax 248.645.1568

The Comerica Building
Suite 800
111 South Rose Street
Kalamazoo, MI 49007-4718
269.382.1483
Fax 269.382.1568

The Wells Fargo Tower
Suite 1400
3800 Howard Hughes Parkway
Las Vegas, NV 89169-5914
702.257.1483
Fax 702.567.1568

The Technology Plaza
Suite 600
211 Fulton Street
Peoria, IL 61602-1350
309.672.1483
Fax 309.672.1568

as Item 12, are controlling on the parties for the term of the Agreement." (*See* Ex. B of Pl.'s Mot. at p. 7.)

20. The Arbitration Award directed Titan Tire to continue payroll deductions for United Way contributions from bargaining unit members, to allow for the special use of parking spaces for certain contributors, and to allow for the 2007 fall campaign to occur. (*See* Ex. B of Pl.'s Mot. at p. 7.)

21. Jurisdiction in this Court is appropriate under 9 U.S.C. § 1, *et seq.*, 28 U.S.C. § 1331, and 29 U.S.C. § 185.

22. Venue is appropriate because this case is brought in the judicial district within which the Defendant resides, pursuant to 28 U.S.C. § 1391(b), and within which a substantial part of the events giving rise to the claim occurred.

TITAN TIRE CORPORATION OF FREEPORT,
Plaintiff

/s/ Michael R. Lied
Michael R. Lied
Tracy C. Litzinger
Howard & Howard
One Technology Plaza, Ste. 600
211 Fulton Street
Peoria, IL 61602-1350
Telephone: (309) 999-6313
Facsimile: (309) 672-1568
E-mail: MLied@howardandhoward.com
E-mail: TLitzinger@howardandhoward.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2008 I electronically filed the above and foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Stephen A. Yokich
Cornfield and Feldman
Suite 1400
25 East Washington Street
Chicago, IL 60602-1803

/s/ Michael R. Lied
Michael R. Lied
Tracy C. Litzinger
Howard & Howard
One Technology Plaza, Ste. 600
211 Fulton Street
Peoria, IL 61602-1350
Telephone: (309) 999-6313
Facsimile: (309) 672-1568
E-mail: MLied@howardandhoward.com
E-mail: TLitzinger@howardandhoward.com