IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| **TITAN TIRE CORPORATION OF FREEPORT,**  )<br>)<br>)<br>Plaintiff/Counter-Defendant,  )<br>)<br>v.  )<br>)<br>**UNITED STEELWORKERS OF AMERICA, LOCAL 745L**,  )<br>)<br>)<br>Defendant/Counter-Plaintiff.  ) | Case No. 3:08 C 50014<br><br>Magistrate P. Michael Mahoney<br>Presiding Judge |

**MEMORANDUM OF LAW BY DEFENDANT/
COUNTER-PLAINTIFF USW 745L IN SUPPORT
OF ITS MOTION FOR SUMMARY JUDGMENT**

**I.    INTRODUCTION**

The parties in this case have a collective bargaining agreement, and that agreement contains a grievance procedure for the resolution of disputes. The grievance procedure culminates in final and binding arbitration before an arbitrator selected by the parties. The Employer has refused to honor an arbitration award rendered pursuant to this procedure.

As the court is undoubtedly aware, the federal courts have no authority to review the merits of an arbitration award. Instead, if the arbitrator has been honest and he or she has decided the issues submitted by the parties, the resulting labor arbitration award may only be overturned if it is not based upon a construction of the contract. In the instant case, the Employer does not contend that the arbitrator has been dishonest or that he decided an issue not submitted to him by the parties. And

even a superficial review of the award easily demonstrates that it is firmly based upon the parties' collective bargaining agreement. Accordingly, the Court should issue an order enforcing the award.

II.     ARGUMENT

    A.     **Summary of the Arbitrator's Decision**

This case involves an arbitration award allowing a union to continue its effort to raise money for charity from its members who work at the Employer. What follows is a brief summary of the arbitrator's decision.

The members of the Union make tires at a plant located in Freeport, Illinois. Until 2006, the plant was owned by Goodyear Tire and Rubber. From at least 1996 to the beginning of 2006, Goodyear and the Union jointly participated in the annual United Way Charity campaign. This joint effort included joint canvassing by the Company and the Union to solicit contributions, the availability of payroll withholding to make those contributions, prizes for major contributors, and a corporate donation by Goodyear.

Titan Tire bought the plant from Goodyear at the beginning of 2006. At the time of the sale, Titan and the Union negotiated a new labor agreement. One of the issues in the negotiations was the extent to which oral agreements and past practices between the Union and Goodyear would be carried over to the terms and conditions of employment between the Union and Titan Tire. The parties resolved this issue by making an agreement that required the Union to identify any oral agreements and past practices and required Titan to state whether it would continue to maintain the agreements or practices. If Titan refused to acknowledge an oral agreement or past practice, the Union had the right to submit the issue to the arbitrator. Under the labor agreement, oral agreements

and past practices continue to be binding if they existed one day before the sale of the plant in December 2005.

When the Union identified the oral agreements and past practices it wished to keep in effect, it identified the agreements regarding the United Way Charity campaign. Specifically, it identified a number of payroll withholding practices, including withholding for the United Way. It also identified the prior agreements for joint canvassing and prizes. The Company did not dispute or reject the Union's identification of the practice regarding withholding. It did dispute the Union's claim with respect to the canvassing and the prizes. Thus, while the Company implemented the withholding that had been authorized in the 2005 canvass for 2006, it refused to allow the canvass in 2006 or to allow withholding in 2007.

The Union grieved the Company's action, and the parties submitted the dispute to arbitration. The arbitrator sustained the grievance. He upheld the grievance with respect to withholding because the Employer did not object when the union identified the withholding as an oral agreement or past practice. He upheld the grievance with respect to the other issues because he found that the oral agreement and past practice was in effect for one day before the sale of the plant.

**B.    The Federal Courts Have Very Limited Authority To Review Arbitrators' Decisions.**

It is the national policy to encourage the arbitration of disputes arising under collective bargaining agreements. The Labor Management Relations Act declares: "Final adjustment by a method agreed upon by the parties is declared to be the desirable method for settlement of grievance disputes arising over the application or interpretation of an existing collective bargaining agreement." 29 U.S.C. Section 173(d).

For arbitration to be an effective way to resolve industrial disputes, it must be final. Accordingly, the federal courts have very limited authority to review arbitration awards. If an arbitrator acts within the scope of the authority granted to him by the parties, and if there is no dishonesty involved, the courts must uphold the fact-finding of the arbitrator. Major League Baseball Players Ass'n v. Garvey, 532 U.S. 504, 509 (2001); United Paperworkers International Union v. Misco, 484 U.S. 29, 36, 37-38 (1987); Jasper Cabinet Co. v. United Steelworkers of America, 77 F.3d 1025, 1028 (7th Cir. 1996); Chrysler Motor Corp. v International Union, Allied Indus. Workers, 959 F.2d 685, 689, n.4 (7th Cir. 1992). In addition, if the arbitrator bases his decision upon the contract, this court has no authority to overturn that decision even if it believes a serious error has occurred. Eastern Associated Coal Corp. v. United Mine Workers of America, District 17, 531 U.S. 57, 62 (2000). So long as the award is based upon the contract, and not some other body of law, policy, or feeling, the courts should uphold the award. Ethyl Corp. v. United Steelworkers of America, 768 F.2d 180, 184-85 (7th Cir. 1985). If the decision is a rational interpretation of the provisions of the contract, it should be enforced. Amoco Oil Co. v. Oil, Chem. & Atomic Wkrs, etc., 548 F.2d 1288, 1294 (7th Cir. 1977); Ludwig Honold Manufacturing Co. v. Fletcher, 405 F.2d 1123, 1128 (3d Cir. 1969). The court should resolve any reasonable doubt in favor of upholding the award. Sullivan v. Lemoncello, 36 F.3d 676, 683 (7th Cir. 1994).

    C.    **The Arbitrator's Decision in This Case Should Be Enforced.**

The arbitrator's decision in this case was clearly based upon the contract. The parties negotiated over the effect of past practices at Goodyear under the contract with Titan Tire. The Union had the burden of identifying the past practices it believed existed, and the Company had the

right to dispute the items identified by the Union. If a dispute exists, the standard is whether the practice existed at least one day prior to the effective date of the contract.

In this case, the arbitrator found that the Union identified three past practices: the joint canvassing effort, the ability of employees to use payroll deduction to make their contributions, and the prizes to significant contributors. He found that the Employer did not object to the union's itemization regarding payroll withholding. He also found that the other two practices existed one day before the contract took effect. These factual findings cannot be overturned. Accordingly, the award based upon them must be enforced.

The arguments advanced by the Employer have no merit. First, the Employer contends that it has a corporate-wide "no solicitation policy" that should apply in this case. As the arbitrator found, that policy is not written into the contract. Thus, it cannot override the requirements of Section 7 of Article XI.[1] Second, the Employer contends that the arbitrator cannot "add to or amend" the contract. The provisions of Section 7, however, are very clear that some oral agreements and past practices are to be considered part of the contract, and they specify the procedure for that to occur. The Union followed that procedure and proved what it needed to for that procedure to apply. The general language relied upon by the Company would nullify Section 7 completely. The arbitrator correctly read all of the parts of the contract and gave effect to them in his decision. That is exactly what he was hired to do, and that is why his decision must be enforced by this court.

---

1　　Indeed, even if it were contained in the contract, the arbitrator would hare had the right to reconcile the conflicting provisions, and his reconciliation of the conflict would have been final and binding on this court.

Almost 50 years ago, in the seminal case of United Steelworkers of A. v. Enterprise W. & C. Corp., 363 U.S. 591 (1960), the Supreme Court ruled that the arbitrator's construction of the provisions of a collective bargaining agreement was final. It emphasized:

> It is the arbitrator's construction which was bargained for; and so far as the arbitrator's decision concerns construction of the contract, the courts have no business overruling him because their interpretation of the contract is different than his.

Id. at 599.

Those words apply exactly to this case. There is nothing to indicate that the arbitrator did anything except construe the terms of the contract. The court should therefore uphold his award.

### III.  CONCLUSION

For the reasons stated herein, the Court should grant summary judgment to the Union and order the enforcement of the arbitration award in this case.

Respectfully submitted,

CORNFIELD AND FELDMAN

By:   /s/ Stephen A. Yokich
      Stephen A. Yokich
      Attorney Bar Number 6181707

Attorneys for Defendant/Counter-Plaintiff United Steel Workers, Local 745L

Dated:  April 28, 2008

CORNFIELD AND FELDMAN
Suite 1400
25 East Washington Street
Chicago, IL 60602-1803
(312) 236-7800
(312) 236-6686 (fax)

**CERTIFICATE OF SERVICE**

Stephen A. Yokich, an attorney, hereby certifies that on April 28, 2008, he caused the foregoing **Memorandum of Law by Defendant/Counter-Plaintiff USW 745L in Support of Its Motion for Summary Judgment** to be filed electronically with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

> Michael R. Lied, Esq.
> Tracy C. Litzinger, Esq.
> HOWARD & HOWARD
> One Technology Plaza, Suite 600
> 211 Fulton Street
> Peoria, IL   61602-1350

and further certifies that on April 28, 2008, he caused the same document to be served upon the following nonregistered participants by U.S. Mail, first-class postage prepaid and addressed as shown below:

> Gene R. La Suer, Esq.
> DAVIS, BROWN, KOEHN, SHORS & ROBERTS, P.C.
> 666 Walnut Street, Suite 2500
> Des Moines, Iowa   50309-3993

/s/ Stephen A. Yokich
Stephen A. Yokich