Howard & Howard
Law for business

Ann Arbor, MI
101 North Main Street
Suite 300
Ann Arbor, MI 48104-1475
734.222.1483
Fax 734.761.5957

Bloomfield Hills, MI
The Pinehurst Office Center
Suite 101
39400 Woodward Avenue
Bloomfield Hills, MI 48304-5151
248.645.1483
Fax 248.645.1568

Kalamazoo, MI
The Comerica Building
Suite 800
151 South Rose Street
Kalamazoo, MI 49007-4718
269.382.1483
Fax 269.382.1568

Las Vegas, NV
The Wells Fargo Tower
Suite 1400
3800 Howard Hughes Parkway
Las Vegas, NV 89169-5914
702.257.1483
Fax 702.567.1568

Peoria, IL
One Technology Plaza
Suite 600
211 Fulton Street
Peoria, IL 61602-1350
309.672.1483
Fax 309.672.1568

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
(WESTERN DIVISION)

| | |
|---|---|
| TITAN TIRE CORPORATION OF FREEPORT,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STEELWORKERS OF AMERICA, LOCAL 745L,<br><br>Defendant. | CASE NO.  3:08-cv-50014 |

TITAN'S RESPONSE TO THE DEFENDANT/COUNTERPLAINTIFF'S
STATEMENT OF UNDISPUTED MATERIAL FACTS

Titan Tire Corporation of Freeport ("Titan Tire"), by Howard & Howard Attorneys, P.C., and pursuant to Northern District of Illinois Local Rule 56.1(b) provides this response to Defendant Counter/plaintiff's Statement of Undisputed Material Facts.

1.     The Employer in this case is Titan Tire Corporation.  Titan/Tire is an Illinois corporation with its principal place of business in Freeport, Illinois.  Motion to Vacate and Answer, Para. 1.

RESPONSE:  Admit.

2.     Titan Tire operates a manufacturing facility in Freeport, Illinois.  At that facility it constructs agricultural and other off-road tires.  *Id.*

RESPONSE:  Admit.

3.     Titan Tire purchased the facility from Goodyear Tire and Rubber Company on January 1, 2006. Arb. Dec., p. 2.

#373986-v1

Howard & Howard
Law for business

One North Main
Suite 300
101 North Main Street
Ann Arbor, MI 48104.1475
734.222.1483
Fax 734.761.5957

The Pinehurst Office Center
Suite 101
39400 Woodward Avenue
Bloomfield Hills, MI 48304.5151
248.645.1483
Fax 248.645.1568

Bank of America Building
Suite 800
151 South Rose Street
Kalamazoo, MI 49007.4718
269.382.1483
Fax 269.382.1568

The Wells Fargo Tower
Suite 1400
3800 Howard Hughes Parkway
Las Vegas, NV 89169.5914
702.257.1483
Fax 702.567.1568

One Technology Plaza
Suite 600
211 Fulton Street
Peoria, IL 61602.1350
309.672.1483
Fax 309.672.1568

RESPONSE: Admit.

4. The Union in this case is Local 745L of the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union ("USW"). Local 745L is located in Freeport, Illinois. The USW is an international labor organization that operates throughout the United States and Canada. Counterclaim and Answer, Para. 1.

RESPONSE: Admit.

5. The USW, Local 745L and Titan Tire are parties to a collective bargaining agreement which was effective on January 1, 2006, and expires in November 2010. Counterclaim and Answer, Para. 3; Motion to Vacate, Exh. A. This collective bargaining agreement is attached hereto as Exhibit 1.

RESPONSE: Admit.

6. During the negotiations for the 2006-2010 collective bargaining agreement, the parties bargained extensively over the issue of which oral agreements and past practices at Goodyear would be honored at Titan. Their agreements on this issue were set forth in Section 7 of Article XI of the contract. The third paragraph of Section 7 states the following:

> No oral modifications to the Agreement or oral representations with Goodyear regarding: (a) the Agreements, (b) grievance settlements or (c) past practices that occurred prior to the effective date of these Agreements will be binding on the Company, nor will they be admissible in arbitration proceedings, unless specifically adopted by the Company in writing after the effective date of these Agreements. By "specifically adopted by the Company in writing" includes items in this Agreement as well as those adopted by the following procedure:
>
> > (1) Within 60 days of the effective date, the Union must present a list of all oral modifications, grievance settlements or past practices to the Company for review.

Howard & Howard
law for business

One North Main
Suite 300
101 North Main Street
Ann Arbor, MI 48104.1475
734.222.1483
Fax 734.761.5957

The Pinehurst Office Center
Suite 101
39400 Woodward Avenue
Bloomfield Hills, MI 48304.5151
248.645.1483
Fax 248.645.1568

The Comerica Building
Suite 800
151 South Rose Street
Kalamazoo, MI 49007.4718
269.382.1483
Fax 269.382.1568

The Wells Fargo Tower
Suite 1400
3800 Howard Hughes Parkway
Las Vegas, NV 89169.5914
702.257.1483
Fax 702.567.1568

One Technology Plaza
Suite 600
211 Fulton Street
Peoria, IL 61602.1350
309.672.1483
Fax 309.672.1568

(2)　Within 30-days of the date of presentation of the list, the Company will investigate all oral modifications, grievance settlements or past practices at the facility. The Company will then meet with the union and either accepts the oral modifications, grievance settlements or past practices or ask that the items disputed be specially set before an arbitrator will be whether the oral agreement existed at least one day prior to the effective date of this Agreement.

Exhibit 1, p. 76-77.

RESPONSE:　Admit.

7.　Prior to the purchase of the plant by Titan from Goodyear, Goodyear and the Union cooperated in jointly conducting yearly campaigns to collect money for the United Way Charity. This practice had existed since at least 1996. Arb. Dec., p. 2.

RESPONSE:　On information and belief, admit.

8.　This joint effort had the following components:

- Joint canvassing by the Company and the Union to solicit contributions from employees for the campaign, Arb. Dec., p. 3;
- Payroll withholding by employees, Arb. Dec., p. 3;
- A corporate donation by Goodyear, Arb. Dec., p. 3;
- Prizes and incentives to the employees for donations, Arb. Dec., p. 3.

RESPONSE:　Deny point one as to joint canvassing. The union's brief (Ex. G to Motion for Summary Judgment) states "All plant employees were individually and privately canvassed by teams of hourly employees…" (Brief, p. 2) and "The campaign was for the 2006 year and the plant was canvassed by four two person teams of hourly employees (Brief, p. 3). Admit the balance of paragraph 8.

9.　In the negotiations for the 2006 agreement, Titan informed the Union that it did not want to participate in the annual United Way Charity campaign. The Union did not agree to stop supporting the United Way Charity campaign. Arb. Dec., p. 6.

RESPONSE:　Admit.

10.　The parties also did not negotiate a provision allowing Titan to separate or remove this issue from the resolution procedure established in Article XI, Section 7. Arb. Dec., p. 6.

3

RESPONSE: Admit.

11. On February 28, 2006, the Union provided Titan with a list of oral agreements and past practices that had existed at the facility when it was sold by Goodyear to Titan. The Union gave notice that it wanted to continue the following three oral agreements.

- Payroll deductions for United Way contributions;
- Canvassing for contributions via payroll deduction;
- A prize for significant United Way contributors.

Arb. Dec., p. 4.

RESPONSE: Admit.

12. The Company rejected the agreements for joint canvassing and for prizes. Arb. Dec., p. 4.

RESPONSE: Admit.

13. The Company did not object to the item regarding payroll deductions. Arb. Dec., p. 4.

RESPONSE: Deny. See Exhibit 3 to Titan's Motion for Summary Judgment and Arb. Dec., p. 3 (Titan agreed to 2006 withholding for 2005 campaign).

14. The practices regarding joint canvassing and prizes existed one day prior to the effective date of the 2006-2010 collective bargaining agreement. Arb. Dec., p. 7.

RESPONSE: Deny as to Titan, because Titan did not accept or agree in writing and because there was no evidence whatever that these practices were in existence at Titan before the effective date of the collective bargaining agreement. (See Ex. 1 to Defendant/Counter-Plaintiff's Rule 56.1 Statement of Undisputed Material Facts, p. 107 "This Agreement shall become effective at the time the local Agreement is completed, by ratification of the local union and

approval of the International Union.")  Thus, the effective date of the collective bargaining agreement was not January 1, 2006.

15.  Titan agreed to implement in 2006 the payroll withholding requests by employees for the 2006 campaign.  It refused to implement the withholding when the Union sought to renew it in 2006 and refused to allow the joint canvassing for contributions. Arb. Dec., p. 3.

RESPONSE:  Admit.

16.  The Union grieved these decisions on October 23, 2006.  The parties were unable to resolve this dispute in the grievance procedure, and the parties arbitrated the case before Arbitrator Alan Cook on August 14, 2007. Arb. Dec., p. 1.

RESPONSE:  Admit.

17.  The collective bargaining agreement contains a broad definition of the disputes that may be eligible for resolution through the grievance procedure.  Article IV, Section 1(a), defines a grievance as "any controversy between the Company and the Local Union, or between the Company and its employees or any of them."  Exhibit 1, p. 9.  Any grievance that is unresolved may be submitted to the arbitrator. Exhibit 1, p. 11.

RESPONSE:  Admit.

18.  Under the collective bargaining agreement, decisions of the arbitrator are final and binding. Exhibit 1, p. 12.

RESPONSE:  Admit the collective bargaining agreement contains such language, but affirmatively state that the Federal Arbitration Act allows certain challenges to arbitration awards. 9 U.S.C. § 10.

19.  The "no strike" clause in the contract prohibits the Union from striking over an issue that is subject to the grievance procedure. Exhibit 1, p. 2.

5

RESPONSE: Admit.

Respectfully submitted,

Titan Tire Corporation of Freeport,
Plaintiff

/s/ Michael R. Lied
Michael R. Lied
Howard & Howard
One Technology Plaza, Ste. 600
211 Fulton Street
Peoria, IL 61602-1350
Telephone: (309) 672-1483
Facsimile: (309) 672-1568
E-mail: MLied@howardandhoward.com

Howard & Howard
law for business

One North Main
Suite 300
101 North Main Street
Ann Arbor, MI 48104-1475
734.222.1483
Fax 734.761.5957

The Pinehurst Office Center
Suite 101
39400 Woodward Avenue
Bloomfield Hills, MI 48304-5151
248.645.1483
Fax 248.645.1568

The Comerica Building
Suite 800
151 South Rose Street
Kalamazoo, MI 49007-4718
269.382.1483
Fax 269.382.1568

The Wells Fargo Tower
Suite 1400
3800 Howard Hughes Parkway
Las Vegas, NV 89169-5914
702.257.1483
Fax 702.567.1568

One Technology Plaza
Suite 600
211 Fulton Street
Peoria, IL 61602-1350
309.672.1483
Fax 309.672.1568

CERTIFICATE OF SERVICE

I hereby certify that on May 12, 2008 I electronically filed the above and foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Stephen A. Yokich
Cornfield and Feldman
Suite 1400
25 East Washington Street
Chicago, IL    60602-1803    (via facsimile 312-236-6686 and email: syokich@cornfieldandfeldman.com)

/s/ Michael R. Lied
Michael R. Lied
Howard & Howard
One Technology Plaza, Ste. 600
211 Fulton Street
Peoria, IL  61602-1350
Telephone: (309) 672-1482
Facsimile: (309) 672-1568
E-mail: MLied@howardandhoward.com