IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
(WESTERN DIVISION)

| | |
|---|---|
| TITAN TIRE CORPORATION OF FREEPORT, ) <br> ) <br> Plaintiff/Counterdefendant, ) <br> ) <br> v. ) <br> ) <br> UNITED STEELWORKERS OF AMERICA, ) <br> LOCAL 745L, ) <br> ) <br> Defendant/Counterplaintiff. ) | CASE NO. 3:08-cv-50014 |

RESPONSE TO MOTION OF USW LOCAL 745L FOR SUMMARY JUDGMENT

Titan Tire Corporation of Freeport ("Titan Tire"), by Howard & Howard Attorneys, P.C., responds to the Motion for Summary Judgment filed by USW Local 745L.

1. The union argues that the Court has only limited authority to vacate a labor arbitration award, citing a number of cases in support of that argument. Titan Tire has no quarrel with this general proposition and indeed, has agreed that arbitration awards are not lightly overturned.

2. Nevertheless, this does not imply that the court must act as a mere rubber stamp. For example, the court may review and set aside an arbitration award if the arbitrator exceeded his contractual authority. *Cannon v. Consolidated Freightways Corp.*, 524 F.2d 290, 295 (7th Cir. 1975), citing to *International Ass'n of Machinists, District 8 v. Campbell Soup, Co.*, 406 F.2d 1223 (7th Cir. 1969), *cert. denied*, 396 U.S. 820. Similarly, the court must examine the arbitration award to determine if it is fundamentally at odds with the collective bargaining agreement because the arbitrator does not have the authority to disregard or modify plain and

Howard & Howard
Law for business

One North Main
Suite 300
101 North Main Street
Ann Arbor, MI 48104.1475
734.222.1483
Fax 734.761.5957

The Pinehurst Office Center
Suite 101
39400 Woodward Avenue
Bloomfield Hills, MI 48304.5151
248.645.1483
Fax 248.645.1568

The Comerica Building
Suite 800
151 South Rose Street
Kalamazoo, MI 49007.4718
269.382.1483
Fax 269.382.1568

The Wells Fargo Tower
Suite 1400
3800 Howard Hughes Parkway
Las Vegas, NV 89169.5914
702.257.1483
Fax 702.567.1568

The Technology Plaza
Suite 600
211 Fulton Street
Peoria, IL 61602.1350
309.672.1483
Fax 309.672.1568

unambiguous provisions of the agreement. *Morgan Servs, Inc. v. Local 323, Chicago and Central States Joint Bd.*, 724 F.2d 1217, 1220 (6th Cir. 1984), citing to *Detroit Coil Co. v. International Ass'n of Machinists, Lodge No. 82*, 594 F.2d 575, 579 (6th Cir. 1979), cert. denied 444 U.S. 840. Indeed, the Seventh Circuit Court of Appeals has indicated that the arbitrator cannot simply pay lip service to his obligation to follow the collective bargaining agreement. "Thus, although the arbitrator in his opinion may purport to interpret the collective bargaining agreement, if we determine that the award itself cannot logically follow from the agreement, we will refuse to enforce the award." *Arch of Illinois v. District 12 United Mine Workers of Am.*, 85 F.3d 1289, 1294 (7th Cir. 1996).

3. As Titan Tire has previously pointed out, the arbitrator found, as a matter of fact, that Titan agreed to implement, in 2006, payroll withholding requests made by employees during the 2005 solicitation campaign, at the time when Goodyear's ownership was still in place. Arb. Dec. p. 3. There is no evidence or finding that Titan Tire agreed to any additional withholding after 2006. The arbitrator also recognized that Titan never agreed to items 33 and 34. He cited to the union's position: "While the union acknowledges the company rejected items 33 and 34..." Arb. Dec. p. 4.

4. Thus, the arbitrator could conclude that the company was bound by items 12, 33 and 34 only by finding that these practices existed for one day prior to the effective date of the contract. However, as Titan Tire has pointed out in its response to the union's Statement of Undisputed Material Facts, by its express terms, the collective bargaining agreement ("CBA") becomes effective only at the time the local agreement is completed, and after ratification of the local union and approval by the international union (Article XV(1)). While the CBA is dated January 1, 2006, it is plain from this language that further bargaining at the local level, together

Howard & Howard
law for business

One North Main
Suite 300
101 North Main Street
Ann Arbor, MI 48104-1475
734.222.1483
Fax 734.761.5957

The Pinehurst Office Center
Suite 101
39400 Woodward Avenue
Bloomfield Hills, MI 48304-5151
248.645.1483
Fax 248.645.1568

The Comerica Building
Suite 800
151 South Rose Street
Kalamazoo, MI 49007-4718
269.382.1483
Fax 269.382.1568

The Wells Fargo Tower
Suite 1400
3800 Howard Hughes Parkway
Las Vegas, NV 89169-5914
702.257.1483
Fax 702.567.1568

The Technology Plaza
Suite 600
211 Fulton Street
Peoria, IL 61602-1350
309.672.1483
Fax 309.672.1568

with contract ratification, was contemplated by the parties. Thus, it was impossible for the three practices to be in effect **at Titan Tire** one day before the effective date of the CBA.

For these reasons, and for reasons previously argued, Titan Tire prays the union's Motion for Summary Judgment be denied and that Titan Tire's Motion for Summary Judgment be granted.

Respectfully submitted,

Titan Tire Corporation of Freeport


/s/ Michael R. Lied
Michael R. Lied
Howard & Howard
One Technology Plaza, Ste. 600
211 Fulton Street
Peoria, IL  61602-1350
Telephone:  (309) 672-1483
Facsimile:  (309) 672-1568
E-mail:  MLied@howardandhoward.com

CERTIFICATE OF SERVICE

CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2008 I electronically filed the above and foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Stephen A. Yokich
Cornfield and Feldman
Suite 1400
25 East Washington Street
Chicago, IL 60602-1803

/s/ Michael R. Lied
Michael R. Lied
Howard & Howard
One Technology Plaza, Ste. 600
211 Fulton Street
Peoria, IL 61602-1350
Telephone: (309) 672-1482
Facsimile: (309) 672-1568
E-mail: MLied@howardandhoward.com